907 F.2d 23
 20 Envtl. L. Rep. 21,089
 TOWN OF RYE, NEW YORK, Town of North Castle, New York, City
of Rye, New York, Town/Village of Harrison, New York, Town
of New Castle, New York, Town of Mt. Pleasant, New York,
Town of Greenwich, Connecticut, Air Conservation Trust,
Inc., Airport Concern Team, Inc., and Westchester Coalition
to Limit Airport Expansion, Inc., Petitioners,
v.
Samuel K. SKINNER, Secretary of Transportation, James B.
Busey, Administrator, Federal Aviation Administration, the
Federal Aviation Administration, Daniel J. Peterson,
Regional Administrator, Federal Aviation Administration,
Eastern Region, William Handel, Manager, Airports Division,
Federal Aviation Administration, County of Westchester, New
York, Andrew P. O'Rourke, County Executive for the County of
Westchester, New York, Westchester County Board of
Legislators and Westchester County Department of
Transportation, Respondents.
 Nos. 1513, 1599, Dockets 90-4016, 90-4036.
 United States Court of Appeals,
Second Circuit.
 Argued June 13, 1990.
Decided June 25, 1990.
 
 David Sive (Richard M. Hall, Andrew J. Gershon, Sive, Paget & Riesel, New York City, of counsel), for petitioners.
 Vicki L. Plaut, Dept. of Justice, Environment and Natural Resources Div., Washington, D.C. (Richard B. Stewart, Peter R. Steenland, Jr., Dept. of Justice, Environment and Natural Resources Div., Washington, D.C., Kevin M. Blake, Federal Aviation Admin., Jamaica, N.Y., of counsel), for federal respondents.
 Carol L. Van Scoyoc, Asst. County Atty. for Westchester County (Marilyn J. Slaatten, Westchester County Atty., Kenneth E. Powell, Deputy County Atty. for Westchester County, White Plains, N.Y., of counsel), for Westchester County respondents.
 Before MESKILL, PIERCE and PRATT, Circuit Judges.
 PER CURIAM:
 
 
 1
 These are petitions for review pursuant to 49 U.S.C.app. Sec. 1486 of two orders of the Federal Aviation Administration (FAA), which (1) issued a Record of Decision (ROD) and a Finding of No Significant Impact (FONSI), thereby approving various proposed projects at the Westchester County Airport (Airport), and (2) approved the Airport Layout Plan, a map reflecting the proposed projects.
 
 
 2
 The petitions for review are denied.
 
 
 3
 We do not agree with petitioners that the FAA's actions are not ripe for review because funding for the Airport project is uncertain. Whether an agency action is ripe for review requires an evaluation of "both the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." Abbott Laboratories v. Gardner, 387 U.S. 136, 149, 87 S.Ct. 1507, 1515, 18 L.Ed.2d 681 (1967). This case is fit for resolution because there is nothing else for the FAA to do in evaluating the environmental impact of the Airport project. Funding for the project is a completely separate question. See Township of Parsippany-Troy Hills v. Costle, 503 F.Supp. 314, 319 (D.N.J.1979), aff'd, 639 F.2d 776 (3d Cir.1980). Further, withholding a decision at this point would create a hardship for Westchester County because uncertainty surrounding the fate of the project may affect the County's ability to secure funding.
 
 
 4
 Petitioners claim that the FAA violated the National Environmental Policy Act (NEPA), 42 U.S.C. Sec. 4331 et seq., by failing to circulate for public comment its independent analysis of the likelihood that a new terminal will result in increased Airport use. This claim is without merit. While NEPA and the regulations promulgated under it encourage public involvement in the preparation of environmental assessments, see, e.g., 40 C.F.R. Sec. 1501.4 (1989); FAA Order 5050.4A Sec. 18(a); see also Hanly v. Kleindienst, 471 F.2d 823, 836 (2d Cir.1972), cert. denied, 412 U.S. 908, 93 S.Ct. 2290, 36 L.Ed.2d 974 (1973), the FAA more than complied with this requirement. The FAA and Westchester County conducted public hearings and received written comments on every draft environmental assessment; the FAA circulated for comment its Preliminary Analysis of the environmental assessment; and the FAA's independent analysis itself was done in response to comments of petitioners. NEPA requires no more.
 
 
 5
 Petitioners' contention that the required state and local review process never took place is similarly unpersuasive. The record indicates that Westchester County sent the draft environmental assessment/generic environmental impact statement to the New York State Planning and Development Clearinghouse, which is New York's "single point of contact." See FAA Order 5050.4A Sec. 48. In addition, it is clear that local governments in the area of the Airport and concerned citizens were given several opportunities to review and comment on the project.
 
 
 6
 Petitioners' challenges to the merits of the FAA's decision also are unavailing. We review the FAA's decision that a full environmental impact statement is not required for the Airport project under the arbitrary or capricious standard of 5 U.S.C. Sec. 706. See Hanly, 471 F.2d at 828-30. In practical terms, our task is to determine whether the FAA has taken a "hard look" at the potential environmental consequences and has convincingly documented its decision. Town of Orangetown v. Gorsuch, 718 F.2d 29, 34-35 (2d Cir.1983), cert. denied, 465 U.S. 1099, 104 S.Ct. 1592, 80 L.Ed.2d 124 (1984). We are satisfied that the FAA has done so.
 
 
 7
 Petitioners' argument that the FAA acted arbitrarily and capriciously in this case is entirely without merit. The FAA gave adequate consideration to the cumulative impact of the Airport project, the public controversy surrounding it and available alternatives. See 40 C.F.R. Sec. 1508.7 (1989); id. Sec. 1508.27(4); FAA Order 5050.4A Sec. 47. Although the FAA declined in its FONSI to express any view on the cumulative impact of the Postal Service facility that may be built on Airport land, the FAA examined this facility in some detail in its Preliminary Assessment. That the FAA considered public controversy is obvious: the Airport project is categorically excluded from environmental review, see FAA Order 5050.4A Secs. 20(b), 23(a)(4), but the FAA decided to prepare an environmental assessment in view of the community opposition to the project. The FAA's consideration of alternatives in the environmental assessment/environmental impact statement and in the ROD and FONSI is adequate given its valid finding of no significant impact. See City of New York v. United States Dep't of Transp., 715 F.2d 732, 744 (2d Cir.1983), cert. denied, 465 U.S. 1055, 104 S.Ct. 1403, 79 L.Ed.2d 730 (1984).
 
 
 8
 The petitions for review are denied.